MORRIS, Judge.
Bethany Trace Owners’ Association, Inc. (the Association), seeks certiorari review of an order granting a motion to stay its action for trespass and breach of covenant against Whispering Lakes I, LLC, and Waterman-Pinnacle, Inc. We deny the *335 petition in part and grant the petition in part.
The circuit court granted Whispering Lakes’ motion to stay on the basis that the Association failed to obtain the required approval of its members before initiating its litigation. See § 720.303(1), Fla. Stat. (2010) (“Before commencing litigation against any party in the name of the association involving amounts in controversy in excess of $100,000, the association must obtain the affirmative approval of a majority of the voting interests at a meeting of the membership at which a quorum has been, attained.”). We deny the Association’s petition for writ of certiorari in part because the circuit court did not depart from the essential requirements of law in ruling that Whispering Lakes is a member of the Association and is therefore entitled to enforce the voting requirements of section 720.303(1). See Lake Forest Master Cmty. Ass’n v. Orlando Lake Forest Joint Venture, 10 So.3d 1187, 1196 (Fla. 5th DCA 2009) (holding that section 720.303(1) is “a ground for any aggrieved [association member to enjoin [an] [association from prosecuting [a] lawsuit”).
However, we grant the petition in part and quash the portion of the circuit court’s order requiring “Whispering Lakes’ votes to approve the continuation of this litigation.” While the Association argued that Whispering Lakes’ voting rights may be suspended based on its failure to pay the association dues, Whispering Lakes and Waterman-Pinnacle concede that the status of Whispering Lakes’ voting rights “was not an issue for determination at the hearing on the [mjotion to [s]tay.” The language in the order stating that Whispering Lakes’ votes are required is both premature and contrary to the circuit court’s oral ruling that this issue was not yet before the court. Accordingly, we quash that portion of the order.
Petition denied in part and granted in part; order quashed in part.
LaROSE and CRENSHAW, JJ., Concur.